United States District Court
Southern District of Texas
**ENTERED**
May 02, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS TYRONE GRANT, (Waller County Jail #009039) | § § § § | CIVIL ACTION NO. 4:21-cv-03468 |
| Plaintiff, | § § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| COURTNEY RENE GORLEY, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

The complaint by Plaintiff Marcus Tyrone Grant is dismissed as frivolous. Dkt 1.

1. Background

Grant is an inmate of the Waller County Jail. He proceeds here *pro se*. The Waller County website shows that he currently faces charges of terroristic threat against peace officer/judge and obstruction or retaliation before the 506th Judicial District Court of Waller County, Texas.

Grant brought this suit in October 2021 against Courtney Rene Gorley, as manager of the Cedar Creek Apartments in Brookshire, Texas. He alleges civil rights violations resulting from a denial of due process. Specifically, Grant alleges that he moved to the Cedar Creek Apartments in October 2020; he lived with his common law wife, Savani Lee Thomas; the previous apartment manager allowed Grant to live there though he wasn't listed as a tenant on the lease; Gorley advised Thomas that Grant was an unauthorized occupant and

allowing him to remain in the apartment could result in eviction; Gorley coerced Thomas to change the locks, put Grant's personal belongings outside the apartment on the grass, and file for an eviction against Grant; Gorley coerced Thomas to seek a trespass warning from the police; Grant was arrested for trespassing when he returned to the apartment; Grant's bond was revoked in March 2021; Grant is a disabled individual and was forced to live on the street during the pandemic; and the Justice of the Peace court found in favor of Grant in February 2021.

Grant seeks $120,000 in compensatory damages and $40,000 in punitive damages.

### 2. Legal standard

The complaint by Grant is construed liberally because he proceeds *pro se*. *Coleman v United States*, 912 F3d 824, 828 (5th Cir 2019), citing *Erickson v Pardus*, 551 US 89, 94 (2007). But a federal court has the authority to dismiss an action at any time in which the plaintiff is proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious. 28 USC § 1915(e)(2)(B)(i).

A complaint is *frivolous* if it lacks an arguable basis in law or fact. See *Denton v Hernandez,* 504 US 25, 31 (1992), quoting *Neitzke v Williams*, 490 US 319, 325 (1989); *Richardson v Spurlock,* 260 F3d 495, 498 (5th Cir 2001), citing 28 USC § 1915(e)(2). And it lacks *an arguable basis in law* "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v Scott,* 157 F3d 1003, 1005 (5th Cir 1998), quoting *McCormick v Stalder,* 105 F3d 1059, 1061 (5th Cir 1997).

The Federal Tort Claims Act waives the Government's sovereign immunity from tort claims that arise from the negligent or wrongful acts or omissions of federal employees in the course of their employment. 28 USC §§ 1346(b)(1), 2679(b)(1). The Federal Tort Claims Act does not provide a private cause of action. *Norris v Fairbanks Capital Corp*, 178 F Appx 401, 403 (5th Cir 2006, *per*

*curiam*); *Purdin v Wells Fargo Bank, NA*, 2016 WL 1161808, at *3 (ND Tex Mar 23, 2016).

A cause of action under 42 USC § 1983 requires a showing of a deprivation of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v McCollan*, 443 US 137 (1979).

### 3. Analysis

Grant's claim against Gorley under the Federal Tort Claims Act will be dismissed. Dkt 1 at 1. Gorley isn't a federal employee. The Federal Tort Claims Act doesn't provide a private cause of action.

Liberally construing Grant's pleading as a complaint under 42 USC § 1983 doesn't save it. Simply put, his claims lack an arguable basis in law. Gorley is the apartment manager where Grant was living. She is a private actor. And the actions of private actors don't constitute state action under 42 USC § 1983. See *Briscoe v LaHue*, 460 US 325, 329 (1983).

Grant's claims will be dismissed as lacking an arguable basis in law.

### 4. Conclusion

The complaint filed by Plaintiff Marcus Tyrone Grant is DISMISSED WITH PREJUDICE as lacking an arguable basis in law under 28 USC § 1915(e)(2)(B)(i). This dismissal counts as a strike under 28 USC § 1915(g).

The agency having custody of Grant must deduct twenty percent of each deposit made to Grant's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10, until the filing fee obligation of $350 is paid in full.

Grant's motion for access to courts is DENIED AS MOOT. Dkt 14.

Any other pending motions are DENIED AS MOOT.

The Clerk of Court will send a copy of this Order to:
Waller County Jail
Inmate Trust Fund

>   100 R. Glenn Smith Drive
>   Hempstead, Texas 77445

and

>   Manager of the Three-Strikes List
>   Southern District of Texas
>   Three_Strikes@txs.uscourts.gov.

SO ORDERED.

Signed on April 29, 2022 at Houston, Texas.

Hon. Charles Eskridge
United States District Judge